[No. 41088. En Banc. March 25, 1971.]

THE CITY OF SEATTLE, *Respondent*, v. GARY J. ALEXANDER, *Appellant*.

*John M. Darrah* and *Lee A. Covell,* for appellant.

*A. L. Newbould, Christopher M. Eagan,* and *Lawrence K. McDonell,* for respondent.

HALE, J.—Does a petit larceny by embezzlement committed by stealth and in secrecy come within the meaning of an ordinance which by its terms does no more than prohibit a disturbance of the peace or a practice whereby the peace or quiet may be disturbed, or an indecent or immoral act, practice or conduct tending to debauch the public morals? The learned trial judge, applying the principles laid down in *Seattle v. Franklin,* 191 Wash. 297, 70 P.2d 1049 (1937), and finding no precedent to the contrary, answered this question in the affirmative. We are now of the opinion that, although the trial court correctly read and followed *Seattle v. Franklin, supra,* that case, insofar as it may be said to govern a petit larceny committed by stealth and in secrecy, and with no attendant hue and cry or public disturbance generated either by physical violence or by flight to avoid detection or attempt to effect recovery, detention or arrest, should be and is overruled.

Neither the City of Seattle nor counsel for appellant nor this court has been able to find any ordinance in that city code specifically defining, prohibiting and punishing petit larceny or embezzlement. Counsel agrees that, for many years, larceny prosecutions in that jurisdiction, if not filed in the justice of the peace or superior courts of the state, have been brought in the municipal court of Seattle under the instant provision of the city code generally covering the offense of disorderly conduct.

Seattle Code, § 12.11.020 (ordinance No. 16046, § 1), reads:

It is unlawful for any person to be guilty of fighting,

drunkenness or of riotous or disorderly conduct, or of any conduct tending to disturb the public peace, or to use any profane or abusive language, or to engage in any act or practice whereby the peace or quiet of the city may be disturbed, or to use any obscene language or be guilty of any indecent or immoral act, practice or conduct tending to debauch the public morals.

Accused, Gary J. Alexander, was charged in the Municipal Court of the City of Seattle with a violation of this ordinance under a complaint which charged that he did

wilfully and unlawfully take and steal from Goodwill Industries with intent to appropriate to his own use and deprive the true owner of the use and enjoyment thereof, misc. clothing, heating pad and binoculars . . . [a pair of binoculars].

The charge was amended to eliminate all items except the binoculars. He was convicted on the amended complaint and sentenced to 6 months' imprisonment. He appealed the municipal court conviction to the superior court, urging, so far as here pertinent, that the ordinance under which the complaint was laid did not cover the offense of larceny and that, since the city had never adopted an ordinance defining, prohibiting and punishing larceny, the municipal court had no jurisdiction over the offense charged.

Evidence in superior court showed that defendant at the time of the offense was employed by Seattle Goodwill Industries as a truck driver whose principal job was to pick up donated articles and merchandise given to Goodwill. There is little doubt and abundant proof that the defendant stole the pair of binoculars owned by Goodwill Industries as charged, and that they were recovered from his apartment by police. The larceny, or more precisely embezzlement, was committed without noise, conspicuous flight, resistance to arrest, or public disturbance, but surreptitiously and with stealth.

The superior court in a trial de novo upheld the conviction, adhering to our decision in *Seattle v. Franklin,* 191 Wash. 297, 70 P.2d 1049 (1937), in which this court described this very ordinance as a disorderly conduct ordi-

nance. Following *Franklin,* the court held in the instant case that the ordinance now, as then, not only proscribed conduct which tends to disturb the public peace but governs other kinds of criminal conduct which may be reasonably included within the terms of the ordinance prohibiting conduct tending to disturb the public peace, or indecent or immoral acts, practice or conduct tending to debauch the public morals.

We think that the trial court read *Franklin* correctly. Although possible distinction could be made differentiating the situation there from the present one, arising from the fact that *Franklin* involved the crime of larceny by shoplifting under circumstances in which the theft was committed in such a way that a kind of public disorder might possibly be attributed to it, whereas the embezzlement of the binoculars here was completely surreptitious, we think the distinctions between the two cases are more tenuous than real. Although the complaint appears legally sufficient under the state larceny statutes, RCW 9.54.010, questions as to its sufficiency to charge a crime are not before us. The issue as we see it is whether the crime of larceny by embezzlement, however well stated, if committed by stealth and surreptitiously comes within the disorderly conduct ordinance.

We think that the *Franklin* case gave too broad a construction to Seattle's disorderly conduct ordinance, and one not necessary to sustain its constitutionality generally. To hold that an ordinance, which purported to prohibit all sorts of disorderly conduct, included within its meaning the crime of larceny when unaccompanied by disturbance, hue and cry, conspicuous flight or breach of the public peace, gave what now seems not only an overly broad but almost boundless an application. This is not a case where it is claimed that the complaint failed to meet the statutory tests of clarity, conciseness and comprehensibility, as required by RCW 10.37.050(6). Defendant did not contend nor did the trial court rule that the complaint failed to charge the crime of larceny. Defendant's contention, and

one which the trial court could not accept under the rationale of *Franklin*, was that larceny was not an offense punishable under the Seattle Code generally nor under the disorderly conduct ordinance in particular.

Accused's position we now think persuasive. This court had perhaps a better view of this ordinance when, in *Seattle v. Jordan*, 134 Wash. 30, 235 P. 6 (1925), we said, at page 35:

> This ordinance declares a number of different acts to be unlawful and includes among them the offense of disorderly conduct. . . . One charged with this offense, in the words of the ordinance alone, would have no knowledge of the nature of the offense charged.

■ While ordinarily the charges may be couched in the language of the statute, had this been done here we think that a person of ordinary understanding would be unable to ascertain from it that he was charged with larceny by means of an embezzlement. Although a criminal enactment need not be phrased with such precision as to admit of no possible doubts as to its meaning, nor pass every hairsplitting semantic test which may be brought to bear upon it, it must to be viable be so written that a person of ordinary understanding can be said to understand what acts or omissions it prohibits or enjoins. We applied these tests recently in *State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971). Thus, although there is a place in the criminal code for statutes of broad and general application, their scope of application cannot be limitless. A statute which reasonably prohibits many things cannot sensibly be construed to prohibit everything.

■ Larceny by stealth or embezzlement surreptitiously committed is not sensibly included in the ordinance which prohibits fighting, drunkenness, riotous or disorderly conduct, or conduct tending to disturb the public peace. Larceny by stealth or embezzlement is not defined in an ordinance which prohibits the public uttering of profane or abusive language or acts or practices which may disturb the peace or quiet of the city. Nor does a surreptitious larceny

or embezzlement, no matter how clearly criminal or immoral it may be, constitute the kind of indecent, immoral act, practice or conduct which can be fairly said to debauch the public morals. Embezzlement and other kinds of larceny may be immoral and illegal and indeed criminal, but it is not the conduct prohibited and rendered punishable by this particular ordinance.

In narrowing the scope of this ordinance, it does not follow that we are curtailing the rationale of *Seattle v. Silverman*, 35 Wn.2d 574, 214 P.2d 180 (1950), which held that the peddling of pornography fell within the provisions of the ordinance prohibiting acts or conduct tending to debauch the public morals; nor do we think that our reference to *Seattle v. Franklin, supra*, in *Hendrix v. Seattle*, 76 Wn.2d 142, 159, 456 P.2d 696 (1969), concerning the instant ordinance is of more than passing interest for the issues presented in *Hendrix* are not present in this case.

Petit larceny by embezzlement or otherwise, committed by stealth and surreptitiously and with no attendant hue and cry or public disturbance generated by conspicuous flight to avoid detection or arrest, or unaccompanied by physical violence to the person of another trying to effect detention, arrest or recovery, is not an offense defined or included in the general disorderly conduct ordinance, No. 16046, of the City of Seattle, Seattle Code 12.11.020.

Reversed with directions to dismiss the municipal court complaint.

HAMILTON, C.J., ROSELLINI, NEILL, and STAFFORD, JJ., and DONWORTH, J. Pro Tem., concur.

HUNTER, J. (dissenting)—Seattle Municipal Code, § 12.11.020 (ordinance No. 16046, § 1) should not be so narrowly construed. The majority's theory that it applies only when the criminal act is accompanied by "hue and cry or public disturbance generated either by physical violence or by flight to avoid detection or attempt to effect recovery, detention or arrest" distorts the plain meaning of the ordinance. It ignores the broad meaning ordi-

narily applied to the terms "public peace" and "disorderly conduct."

The majority equates section 12.11.020 with the common law offense of "breach of the peace," a generic term which traditionally describes unlawful conduct accompanied by physical violence or public disruption. The ordinance before us is substantially more than a mere codification of that offense and must be measured by different standards. In addition to "disorderly conduct," an offense unknown to the common law, section 12.11.020 also proscribes "conduct *tending* to disturb the public peace" and "indecent or immoral act, practice or conduct *tending* to debauch the public morals." (Italics ours.) There is a distinction between statutes which prohibit an actual physical disturbance and those which prohibit an activity having a *tendency* to disturb the public peace. The "tendency" type of legislation is obviously designed to reach a greater variety of activity than the ordinance which requires an actual public tumult.

We have held that Seattle Municipal Code § 12.11.020 is applicable to such conduct as the utterance of degrading words to a police officer, *Pavish v. Meyers,* 129 Wash. 605, 225 P. 633, 34 A.L.R. 561 (1924), public drunkenness, *Seattle v. Hill,* 72 Wn.2d 786, 435 P.2d 692 (1967), and shoplifting, *Seattle v. Franklin,* 191 Wash. 297, 70 P.2d 1049 (1937). In none of those cases was there a dramatic disturbance of the public tranquility as is now demanded by the majority.

I would affirm the defendant's conviction under the authority of *Seattle v. Franklin, supra,* concluding that embezzlement, like larceny, is unlawful conduct amounting to "disorderly conduct" within the meaning of section 12.11.020. Disorderly conduct is "behavior that is contrary to law." Black's Law Dictionary 556 (4th ed. rev. 1968). An act of embezzlement is certainly in this defined category.

I would further hold that the defendant's unlawful conduct was prohibited under the ordinance as "conduct tending to disturb the public peace." Although the term "public

peace" has never been defined by this court, it is apparent from *Pavish v. Meyers, supra,* that the offense does not require an actual public disturbance. Also see, *Connecticut v. Protopapas,* 23 Conn. Supp. 471, 184 A.2d 558 (1962), and *South Euclid v. Novy,* 7 Ohio Misc. 181, 36 Ohio Op. 2d 228, 214 N.E.2d 711 (1966).

Public peace has been defined as:

that sense of security and tranquility so necessary to one's comfort, which every person feels under the protection of the law; and a breach of the peace is an invasion of the protection which the law thus affords." . . . Although terror usually accompanies the crime in its aggravated form, fear is not an essential ingredient of the offense. . . . The controlling factor is found in the background and circumstances which attend the alleged offense.

*State v. Sanderson,* 123 Vt. 214, 216, 185 A.2d 730 (1962).

The background and circumstances of this case indicate that the defendant's act violated the security and tranquility which is accorded by law to the public and to the victim. The defendant well knew that his taking of the binoculars was wrongful and criminal regardless of whether a public cry of alarm occurred or not. No one can reasonably conclude to the contrary.

I would affirm.

FINLEY, J., concurs with HUNTER, J.

WRIGHT, J. (dissenting)—I dissent for the reason *Seattle v. Franklin,* 191 Wash. 297, 70 P.2d 1049 (1937) is controlling.

I would affirm.