[No. 717-1.  Division One—Panel 2.  June 28, 1971.]

THE CITY OF SEATTLE, *Respondent,* v. JACK L. APPLEGET, *Appellant.*

*Jan E. Peterson,* for appellant.

*A. L. Newbould* and *Philip M. King,* for respondent.

FARRIS, A.C.J.—Mr. Appleget appeals from a judgment entered upon a finding that he willfully and unlawfully engaged in conduct tending to disturb the public peace in violation of ordinance 16046, section 1 of the City of Seattle.

The facts are not disputed. On February 17, 1970, a riot grew out of a demonstration near the United States Courthouse in Seattle. There was violence and property damage. Several hundred persons were involved. While the riot was in progress and arrests were being made, Mr. Appleget shouted, "Oh you fuckers" towards officers of the Seattle Police Department. He describes the conditions at the time:

A It was awfully noisy. Q How far away could your remark be heard under those conditions at that time? A I was competing with a lot of noise. I don't think that a half block would be right. I really couldn't say. I did shout it but I was not the only person shouting. There were considerable shouts at that time.

The trial court found as a fact

That the defendant shouted an indecent and obscene remark which was directed at Seattle Police Officers across the street from the Library on the Courthouse sidewalk.

Finding of fact 8.

That the remark yelled by the defendant was of a nature that it could contribute to the worsening of the already riotous condition.

Finding of fact 9.

Appellant purports to object to these findings by his second and third assignments of error. In so doing he fails to comply with CAROA 42(g)(1)(iii) and CAROA 43 which provide:

> Whenever error is assigned to any finding or findings of fact, so much of the finding or findings made or refused as is claimed to be erroneous, shall be set out verbatim in the brief and reference made thereto by number of the "assignments of error."

CAROA 42(g)(1)(iii).

> No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

CAROA 43.

■ In *Union Bank v. Kruger*, 1 Wn. App. 622, 625, 463 P.2d 273 (1969) we stated:

> The purpose of CAROA 42(g)(1)(iii) and CAROA 43 is to enable each judge on appeal to be informed as to precisely what finding is before the court and whether there was substantial evidence to support it without searching the entire record. [Citing case.]
>
> These two rules contemplate that the findings which the court made, and to which the appellant assigns error, must be set forth verbatim. [Citing cases.] Unless the findings of fact which the court made are directly challenged, by setting them forth verbatim, and an assignment of error made directly to such finding or findings, they shall not be reviewed on appeal.

Consideration of assignments of error to the findings of fact is precluded.

> Failure of the [appellant] to comply with the cited Rules on Appeal requires us to accept the trial court's findings of fact as verities and as the established facts of the case.

(Footnote omitted.) *Colella v. King County*, 72 Wn.2d 386, 388, 433 P.2d 154 (1967).

Mr. Appleget contends that Seattle Ordinance No. 16046

is unconstitutional on its face and in violation of the first and fourteenth amendments to the United States Constitution. We do not agree. The city code provides:

It is unlawful for any person to be guilty of fighting, drunkenness or of riotous or disorderly conduct, or of any conduct tending to disturb the public peace, or to use any profane or abusive language, or to engage in any act or practice whereby the peace or quiet of the city may be disturbed, or to use any obscene language or be guilty of any indecent or immoral act, practice or conduct tending to debauch the public morals.

■ The standard of certainty required by the United States Constitution was defined in *Turf Center, Inc. v. United States*, 325 F.2d 793, 795 (9th Cir. 1963):

A statute meets the standard of certainty required by the Constitution if its language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.

Further,

statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. [Citing cases.]

Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. [Citing case.] In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged.

*United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32, 9 L. Ed. 2d 561, 83 S. Ct. 594 (1963). *See also State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971); *Seattle v. Alexander*, 79 Wn.2d 4, 483 P.2d 119 (1971).

■ Mr. Appleget also contends that Seattle Ordinance No. 16046 is unconstitutional on its face and as applied because it abridges freedom of speech in violation of the first amendment to the United States Constitution. We do not agree. Freedom of speech is not absolute. It can be regulated. The circumstances under which speech is uttered controls the constitutional protections afforded it.

The nation's constitutional tenets protecting freedom of speech do not reject the familiar premise that something said in one context may be entirely permissible while in a different situation the same statement may be forbidden and even render the speaker subject to punishment.

*NLRB v. Kayser-Roth Hosiery Co.,* 388 F.2d 979, 981 (4th Cir. 1968). *See also Williams v. District of Columbia,* 419 F.2d 638, 645 (D.C. Cir. 1969).

The Supreme Court considered the question in *State v. Dixon, supra* at 823 wherein it cited *Cantwell v. Connecticut,* 310 U.S. 296, 308, 84 L. Ed. 1213, 60 S. Ct. 900, 128 A.L.R. 1352 (1940):

> The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others. No one would have the hardihood to suggest that the principle of freedom of speech sanctions incitement to riot or that religious liberty connotes the privilege to exhort others to physical attack upon those belonging to another sect. *When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the State to prevent or punish is obvious.*

(Italics ours.)

Affirmed.

JAMES and SWANSON, JJ., concur.