[Nos. 1182-1, 1183-1. Division One—Panel 1. May 15, 1972.]

*In the Matter of the Welfare of* JACQUELINE JEANETTE JACKSON.
*In the Matter of the Welfare of* JENNIFER DIANE MOORE.

*Owen M. Gardner, Jr.* and *Judith S. Dubester,* for petitioners (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Sharon A. Finegold, Deputy,* for respondent.

WILLIAMS, J.—The State of Washington, acting through the juvenile department of the superior court, found Jennifer Moore and Jacqueline Jackson to be dependent children and incorrigible. They were committed to the Washington State Department of Institutions, Division of Children and Youth Services. A writ of certiorari was issued by this court to review their cases.

The parties agree that the case of Jacqueline, who is now over 18 years of age and beyond the power of the juvenile court and the division of children and youth, is moot and no longer appropriately before the court.

There are two assignments of error which concern Jennifer. The first questions the sufficiency of the evidence to support the finding of incorrigibility. There is substantial evidence in the record that Jennifer, in direct disobedience of her foster parents, failed regularly to attend school classes, used dangerous drugs and did not inform her foster parents of her whereabouts when she remained away from home at night. Her increasing disobedience established that she was out of her foster parents' control, or incorrigible.

The second assignment challenges the constitutionality of RCW 13.04.010(2), 13.04.010(7) and 13.04.095(6), pursuant

to which Jennifer was committed, on the basis that these statutes are vague and arbitrarily applied. The pertinent portions of these statutes are:

[RCW 13.04.010] For the purpose of this chapter the words "dependent child" shall mean any child under the age of eighteen years:

. . .

(2) Who has no parent, guardian or other responsible person; or who has no parent or guardian willing to exercise, or capable of exercising, proper parental control; or

. . .

(7) Who is incorrigible; *that is, who is beyond the control and power of his parents, guardian, or custodian by reason of the conduct or nature of said child* . . .

[RCW 13.04.095] When any child shall be found to be delinquent or dependent, within the meaning of this chapter, the court shall make such order for the care, custody, or commitment of the child as the child's welfare in the interest of the state require. Subject to further order, the court may commit the child:

. . .

(6) To the department of institutions if the court finds such child to be delinquent, or a dependent child whose dependency arises from incorrigibility as defined by RCW 13.04.010(7).

(Italics ours.)

■ Due process which provides fundamental fairness must be observed in any juvenile court adjudicatory proceeding where a child may be committed to an institution. *McKeiver v. Pennsylvania,* 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976 (1971); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967). To conform to fundamental fairness, a statute under which a child might be institutionalized must be so written that a person of ordinary understanding can be said to understand what acts or omissions it prohibits or enjoins. *Seattle v. Alexander,* 79 Wn.2d 4, 483 P.2d 119 (1971).

■■ When a statute is challenged as being void for

vagueness, the statute is presumed to be constitutional unless its unconstitutionality appears beyond a reasonable doubt. *State v. Oyen*, 78 Wn.2d 909, 480 P.2d 766 (1971); *In re Elliott*, 74 Wn.2d 600, 446 P.2d 347 (1968). There is no requirement that the language of a statute be technically perfect. *State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971). It is not feasible for a statute to specify the instances in which a child might be beyond the control of his parents, guardian or custodian in a self-destructive manner. Spelling out every prohibited act or omission is not required if the general terms are understandable. *United States v. Petrillo*, 332 U.S. 1, 91 L. Ed. 1877, 67 S. Ct. 1538 (1947); *State v. Jacobsen*, 78 Wn.2d 491, 477 P.2d 1 (1970). As stated in *State v. Oyen, supra* at 915:

> The constitution, however, does not require impossible standards of specificity in penal statutes. It requires only that a questioned statute convey a sufficiently definite warning as to proscribed conduct when measured by common practice and understanding. And, the test will be met if there are well-settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision.

Children of ordinary understanding know that they must obey their parents or those persons lawfully standing in a parent's place. Therefore, the phrase "beyond the control and power of his parents" gives fundamentally fair notice to the child of a pattern of behavior that might cause him or her to be considered incorrigible.[1]

 Jennifer also contends that the state had an arbitrary, unconstitutional choice to proceed against her either under RCW 13.04.010(2) or 13.04.010(7), previously quoted. Only under RCW 13.04.010(7) was she subject to

---

[1] Any claim of unconstitutionality based upon the possible overbreadth of RCW 13.04.010(7), if applied to unreasonable parental demands, is unavailable to Jennifer. Her conduct was of a kind properly within the control of a parent. In the absence of compelling countervailing considerations in the public interest, which do not appear here, unconstitutionality of a statute may not be urged by resort to hypothetical applications. *State v. Cashaw*, 4 Wn. App. 243, 480 P.2d 528 (1971).

institutionalization. When two statutes are unlike in purpose and elements of proof the discretion to prosecute or not to prosecute a violation of one of the statutes is not a denial of the constitutional right to equal protection of the laws. *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965). RCW 13.04.010(2) requires proof of parental delinquency or deficiency, whereas conduct or misconduct of the child must be proved in RCW 13.04.010(7). *In re Russell,* 70 Wn.2d 451, 423 P.2d 640 (1967), *cert. denied,* 389 U.S. 874, 19 L. Ed. 2d 158, 88 S. Ct. 166 (1967). The purpose and elements of proof of the two statutory sections are unlike, and therefore the choice to proceed under RCW 13.04.010(7) was not arbitrary.

Affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.