In the Matter of NAPIER, Valerie Marie and Vienna Louise, children under eighteen [18] years of age, to-wit 16 and 16 years.

No. 47260.

Supreme Court of Oklahoma.

Feb. 18, 1975.

Art Fleck, Jr., Public Defender, Juvenile Div., Tulsa, for appellants.

Terry Malloy, Legal Intern, Dist. Atty., Juvenile Div., Tulsa District Court, Tulsa, for appellee.

BERRY, Justice:

This is an appeal from trial court's order finding appellants to be children in need of supervision within 10 O.S.Supp.1974, § 1101(c) and committing them to custody of Vianney School for Girls. The sole issue presented concerns constitutionality of provisions of 10 O.S.1971 § 1101 et seq., which concern children in need of supervision.

Section 1101(c) provides:

"The term 'child in need of supervision' means a child who is habitually truant from school, or who is beyond the control of his parents, guardian or other custodian, or who habitually deports himself so as to injure or endanger the health or morals of himself or others."

Sections 1103–1113 provide procedures to be followed in juvenile hearings.

Section 1103 specifies procedures whereby a petition may be filed alleging a child is a child in need of supervision.

Section 1114 provides if the court finds the allegations of the petition are supported by the evidence, and it is in the best interest of the child and the public that he be made a ward of the court, the court shall sustain the petition and make an order of adjudication setting forth whether child is delinquent, in need of supervision, or neglected and dependent, and shall adjudge the child as a ward of the court.

Section 1116 provides for dispositional orders which may be made with respect to wards of the court. It provides the court

may place the child on probation or under supervision in his own home, or in the custody of a suitable person elsewhere;

commit the child to custody of a private institution or agency authorized to care for children or place them in family homes;

commit the child to the custody of the Department of Welfare;

dismiss the petition or otherwise terminate its jurisdiction at any time for good cause shown.

Section 1137 provides:

"(a) Whenever a child who has been adjudicated by the court as a child in need of supervision has been committed to the Department, the Department may place the child in an institution or other facility maintained by the State or under its licensure for dependent, neglected or delinquent children, or in a foster home, or in a State school for the mentally retarded if eligible for admission thereto.

"(b) When it is determined by the Department to place a child in an institution or facility for delinquent children, notice thereof, together with the reason or reasons therefor, shall be given to the court having original jurisdiction. If the court of original jurisdiction does not object, in writing, to such transfer within ten (10) days after receipt of notification from the Department, the transfer shall be considered approved, and the transfer shall remain in effect for such period as the Department deems proper. If the court of jurisdiction objects, in writing, to the transfer within ten (10) days after receipt of notification from the Department, the period of such transfer shall not exceed thirty (30) days, after which the child shall be returned to the facility in which he was

originally placed, or be placed in another facility that is not maintained for delinquent children."

In the present case a petition was filed on January 15, 1974, alleging appellants were residents of Tulsa County and in the legal custody of their maternal grandparents. It further alleged:

"That said children are now in need of supervision in that they are beyond the control of their legal guardians, to-wit: Said children ran away from home on or about November 27, 1973. Further, said children have been verbally abusive toward their grandparents and Valerie has threatened to harm her grandfather. Said children refused to attend public school in Owasso on January 14, 1974."

During a hearing before a referee appellants' attorney stipulated appellants engaged in the conduct alleged in the petition. However, he filed a motion to dismiss the petition on grounds the governing statutes are unconstitutional due to vagueness.

The referee overruled the motion and entered an order finding the children to be children in need of supervision and recommending the children be placed in custody of the Vianney School for Girls.

The trial court confirmed the findings and recommendations of the referee and appellants appeal.

Appellants first contend the statute is unconstitutionally vague because it does not give potential offenders notice of what they may not do and because it does not provide standards to be followed by courts in applying the statute.

■ A legislative act is presumed to be constitutional. Application of State of Oklahoma Bldg. Bonds Commission, 202 Okl. 454, 214 P.2d 934, and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution. Adwon v. Oklahoma Retail Grocers Ass'n, 204 Okl. 199, 228 P.2d 376.

■ In A. v. City of New York, 31 N. Y.2d 83, 335 N.Y.S.2d 33, 286 N.E.2d 432, the court considered a similar attack upon a statute which defined a person in need of supervision as an individual under a certain age "who does not attend school in accord with the provisions of part one of article sixty-five of the education law or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority."

There the court stated:

"The appellant contends that the PINS statute does not meet essential tests or guidelines; more specifically, that it does not give potential offenders notice of what they may not do and that it does not provide adequate standards for the guidance of Family Court judges in applying the statute. In this connection, the appellant declares that what one parent or judge might consider grounds for PINS adjudication—violation of midnight curfews, for example,—another parent or another judge might be willing to overlook.

"We find these arguments less than persuasive. The terms 'habitually truant,' 'incorrigible,' 'ungovernable,' 'habitually disobedient and beyond * * * lawful control,' as well as the sort of conduct prescribed, are easily understood. * * *"

In In re Mario, 65 Misc.2d 708, 317 N. Y.S.2d 659, the court considered a statute defining one in need of supervision as one who is "habitually truant" and held it was not unconstitutionally vague.

In In re Jackson, 6 Wash.App. 962, 497 P.2d 259, the statute defined a dependent child to be any child under the age of 18:

"Who is incorrigible; that is, who is beyond the control and power of his parents, guardian, or custodian by reason of the conduct or nature of said child."

The statute further provided the court could commit dependent children whose dependency arose from incorrigibility, to the department of institutions.

The court held the statute was not void for vagueness.

In E. S. G. v. State, Tex.Civ.App., 447 S.W.2d 225, cert. den. 398 U.S. 956, 90 S. Ct. 2171, 26 L.Ed.2d 540, the court upheld a statute defining a delinquent as one who "habitually so deports himself as to injure or endanger the morals or health of himself or others."

See also Commonwealth v. Brasher, 359 Mass. 550, 270 N.E.2d 389; S * * * S * * * v. State, Me., 299 A.2d 560; In re S, 10 Cal.App.3d 944, 89 Cal.Rptr. 685.

We conclude the statute is not unconstitutionally vague.

■ Appellants further contend the statute chills the exercise of constitutionally protected rights and may involve the state in actual interference with these rights.

In this respect appellants contend the statute chills the exercise of constitutional rights because a child who seeks to exercise his religion or express his political views against the wishes of his parents might be found to be a child "beyond the control of his parents."

They further contend judicial proceedings upon a petition alleging such acts would constitute state interference with the child's exercise of his constitutional rights.

We note no contention is made appellants herein were exercising constitutionally protected rights when they engaged in the acts alleged in the petition.

In A. v. City of New York, supra, the court considered a similar contention and stated:

"The danger that Family Court judges may make an unduly restrictive application of the statute in marginal cases seems unrealistic. As the Supreme Court declared in Harriss * * * a 'statute will not be struck down as vague even though marginal cases could be put where doubts might arise.'"

Likewise in In re Jackson, supra, the court stated:

"Any claim of unconstitutionality based upon the possible overbreadth of RCW 13.04.010(7), if applied to unreasonable parental demands, is unavailable to Jennifer. Her conduct was of a kind properly within the control of a parent. In the absence of compelling countervailing considerations in the public interest, which do not appear here, unconstitutionality of a statute may not be urged by resort to hypothetical applications. State v. Cashaw, 4 Wash.App. 243, 480 P.2d 528 (1971)."

The judgment of the trial court is affirmed.

All Justices concur.