[No. 5479–1.   Division One.   April 24, 1978.]

MATHILDA E. ZIMMER, *Appellant*, v. THE CITY OF
SEATTLE, ET AL, *Respondents.*

*Peter Greenfield,* for appellant.

*Douglas N. Jewett, City Attorney, Elizabeth A. Huneke, Assistant, Stafford, Frey & Mertel,* and *Thomas D. Frey,* for respondents.

JAMES, J.—The single issue presented by this appeal is whether the requisite elements for a class action are present. The trial judge concluded that they were not. We do not agree.

There is no factual dispute. Plaintiff, Mathilda E. Zimmer, is the mother of a minor daughter, Marian, who was on two occasions taken into custody by Seattle police and eventually released to the custody of her parents. On both occasions, the officer first determined that Marian was a "dependent child" as defined by RCW 13.04.010(4), (7), (8) and (11)[1] which provide:

> For the purpose of this chapter the words "dependent child" shall mean any child under the age of eighteen years:
>
> . . .
>
> (4) Who frequents the company of reputed criminals, vagrants or prostitutes; or
>
> . . .

---

[1]Repealed by Laws of 1977, 1st Ex. Sess., ch. 291, § 81, p. 1041, effective July 1, 1978.

(7) Who is incorrigible; that is, who is beyond the control and power of his parents, guardian, or custodian by reason of the conduct or nature of said child; or

(8) Who is in danger of being brought up to lead an idle, dissolute or immoral life; or

. . .

(11) Who wanders about in the nighttime without being on any lawful business or occupation; . . .

She was taken into custody pursuant to RCW 13.04.120[2] which authorizes the "taking into custody, without process, any child . . . whose surroundings are such as to endanger his health, morals or welfare, unless immediate action is taken."

Zimmer commenced this action for injunctive and declaratory relief and damages as guardian ad litem of her minor daughter challenging the constitutionality of the statutes relied upon by the police.[3] Zimmer moved to pursue her claims "as representative of the class of children who have been or will be taken into custody by officers of the Seattle Police Department relying on the authority of RCW 13.04.010(4), (7), (8) or (11) or RCW 13.04.120." Her motion for leave to maintain the action as a class action was denied by Judge Stanley C. Soderland.

Zimmer then moved for a partial summary judgment on the merits. Her motion was heard by Judge Robert W. Winsor, who ruled that

RCW 13.04.010(4), (8) and (11), and that portion of RCW 13.04.120 which allows a child to be taken into custody, without a warrant, if the child's "surroundings are such as to endanger his health, morals or welfare, unless immediate action is taken," are unconstitutionally vague. Further, defendants, their subordinates and successors are

---

[2]Repealed by Laws of 1977, 1st Ex. Sess., ch. 291, § 81, p. 1041, effective July 1, 1978.

[3]Zimmer subsequently abandoned her claim with respect to RCW 13.04.010(7), which was held constitutional in *Blondheim v. State,* 84 Wn.2d 874, 529 P.2d 1096 (1975).

ENJOINED from enforcing the provisions referred to above against Marian Zimmer. And, finally, it appearing that there is no just reason for delay, it is

ORDERED that this partial summary judgment shall be entered as a final judgment, in accordance with CR 54(b), as to the claims for declaratory and injunctive relief which it adjudicates.

The City has not appealed from Judge Winsor's partial summary judgment declaring the unconstitutionality of the statutes. We therefore review only Judge Soderland's refusal to permit a class action.

Class actions are authorized in Washington by RCW 4.08.070 and by civil rule 23 (CR 23). The provisions of CR 23 relied upon by Zimmer are as follows:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . .

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . .

By an Agreed Report of Proceedings, the parties have stipulated that Judge Soderland ruled that a class action could not be maintained because:

1. Plaintiff had not established the numerousness of the class.
2. Plaintiff's allegations required a consideration of the facts of individual cases.
3. Plaintiff's request for a class action against defendants, The City of Seattle and its agents Robert L.

Hanson and Randolph Vanderway, regarding the validity of a state statute was inappropriate.

We first consider the question of "numerousness."

■ CR 23 requires the class be so numerous that "joinder of all members is impracticable." The officer who took Marian into custody testified that during the past 2 years, more than 200 children had been taken into custody by Seattle police pursuant to the provisions of RCW 13.04.120. Joinder of these class members is impracticable because, according to the officer's testimony, the police department kept no records of these arrests.

The class members who, in the future, *will* be taken into custody if the police continue to act in reliance upon RCW 13.04.120 are inherently unidentifiable. Under these circumstances, the joinder of all members of the class is not only impracticable—it is impossible.

We next consider Judge Soderland's holding that Zimmer's allegations required a consideration of the facts of the individual cases.

■ Whether the "facts of individual cases" must be considered depends upon the relief sought. The Agreed Report of Proceedings recites that:

At the hearing, plaintiff restricted her request, asking only for leave to seek a declaration that RCW 13.04.010(4), (8) and (11), and that portion of RCW 13.04.120 which authorizes the arrest, without a warrant, of a child "whose surroundings are such as to endanger his health, morals or welfare, unless immediate action is taken," are unconstitutionally broad or vague or both, and to seek an injunction against the enforcement of those provisions, as representative of the class of children who have been or will be taken into custody by officers of the Seattle Police Department relying on the authority of the challenged provisions.

In its brief on appeal, the City concedes that "[i]f a statute is vague on its face, the particular facts of an individual case need not be considered by the Court."

In *Johnson v. Moore*, 80 Wn.2d 531, 535, 496 P.2d 334 (1972), it was held that:

A class action is therefore appropriate, since there are issues of law common to all members of the class as required by CR 23(a)(2), and the respondent has "acted or refused to act on grounds generally applicable to the class." CR 23(b)(2).

The basis for the holding was that:

A class action injunction proceeding, [as distinguished from a habeas corpus action], places in issue only the constitutionality of the presumably unvarying standards applied in holding members of the class "on suspicion" of various charges without bringing them before a magistrate.

*Johnson v. Moore, supra* at 535. The members of the asserted class in *Johnson* were individuals who had been arrested by Seattle police and held in jail "on suspicion" of various crimes and not brought promptly before a magistrate. The relief sought was "injunctive and declaratory" to restrain the police "from holding members of the class an unreasonable or unnecessary amount of time without bail." *Johnson v. Moore, supra* at 535.

Likewise, the class action relief sought by Zimmer is injunctive and declaratory. She asks that the police be restrained from enforcing criminal statutes against members of a class equally prejudiced by the laws' alleged vagueness.

Judge Soderland was in error in holding that a consideration of the facts of the individual cases was required.

The briefs of both parties reflect that Judge Soderland concluded that a class action was "inappropriate" because he was persuaded that the declaratory relief sought would affect the interests of indispensable parties who had not been joined as defendants. The City argues that because a state criminal statute is challenged, the State was an indispensable party. We do not agree.

■ When a statute is alleged to be unconstitutional and declaratory relief is sought, RCW 7.24.110 provides that "the attorney general shall also be served with a copy of the proceeding and be entitled to be heard." But the attorney general is not obliged to appear and it has been held that

he may even waive "the requirement of service" of a copy of the proceeding. *Leonard v. Seattle,* 81 Wn.2d 479, 482, 503 P.2d 741 (1972). In this case, the attorney general was served and the record includes a letter from the attorney general's office addressed to Zimmer's counsel stating, "Since it appears that this action will be defended by the corporation counsel for the city of Seattle, we do not intend to participate at this time."

Judge Soderland erred in holding that a class action was "inappropriate."

The City also argues that Judge Soderland's decision could be affirmed because Zimmer failed to meet the requirement of CR 23(a)(4) that she "will fairly and adequately protect the interests of the class." "It is quite likely," the City suggests, "that both other parents and other children of the class would prefer the cooperative assistance of the Seattle Police Department if they were participants in a similar situation."

■ The argument is not valid. The fact that some members of a class might not wish to benefit by the relief sought does not impair the legitimacy of a class action. As pointed out in *Johnson v. Moore, supra* at 536, where the "broad remedial relief" sought is from allegedly unconstitutional action, "the possibility that some [members of the class might not benefit] does not bar a class action." *Accord, Davis v. Weir,* 497 F.2d 139 (5th Cir. 1974); *Norwalk CORE v. Norwalk Redevelopment Agency,* 395 F.2d 920 (2d Cir. 1968).

The circumstances of this case make it appropriate for class action resolution. By not appealing from Judge Winsor's determination that the challenged provisions of the statutes are unconstitutionally vague, the City has effectively impaired the precedential force of the holding. The police were enjoined only from enforcing the statute against Marian Zimmer.

A statute which is unconstitutionally "vague on its face" should not be enforced against anyone. *Accord, Gesicki v. Oswald,* 336 F. Supp. 371 (S.D.N.Y. 1971).

Reversed and remanded.

FARRIS, C.J., and DORE, J., concur.