[No. 4859–4–III.   Division Three.   December 14, 1982.]

CHELAN COUNTY DEPUTY SHERIFFS' ASSOCIATION, ET AL,
*Plaintiffs,* v. THE COUNTY OF CHELAN, ET AL,
*Appellants,* RAY GROSS, ET AL,
*Respondents.*

*E. R. Whitmore, Jr., Prosecuting Attorney,* for appellants.

*Gary A. Riesen* and *Foster, Riesen & Bridges,* for respondents.

McINTURFF, C.J.—Chelan County appeals from an order dismissing its third party complaint against Ray Gross, the county sheriff, and his surety. The sole issue is whether RCW 36.40.130 imposes personal liability on the sheriff for back overtime pay which may be due to the deputies in his

employ. We agree with the trial court. The statute does not apply to these facts.

The County is the defendant in an action brought in 1980 by the Chelan County Deputy Sheriffs' Association for back wages allegedly due for time individual deputies and detectives were "on call" during 1977 through 1980. The third party complaint of the County sought indemnity for any potential judgment in the principal action from the sheriff and his bondholder. The County based its third party complaint on RCW 36.40.130 which states:

> [L]iabilities incurred . . . in excess of any of the detailed budget appropriations . . . shall not be a liability of the county, but the official making or incurring such expenditure . . . shall be liable therefor personally and upon his official bond.

The sheriff successfully moved for summary judgment. In support of his motion he personally submitted two affidavits. The first sets out the total amounts appropriated by the county commissioners to the sheriff's office for the years 1976–80, and the amounts actually expended by the sheriff. Each year shows surpluses in excess of $20,000. The sheriff further attests that the use of unpaid "on–call" time for his deputies and detectives is the only way he can provide adequate 24–hour police protection for the county. According to the sheriff, the commissioners were fully aware of the "on–call" practice, and the County accepted the benefits gained from it.

The sheriff's second affidavit reiterates his belief that the "on–call" practice is essential to effective law enforcement in the county and indicates the commissioners consistently have refused to meet his budget requests for overtime compensation. In this affidavit, he also describes what "on–call" status means for deputies and detectives: deputies work 12–hour shifts, with 8 hours active duty and 4 hours "on call"; detectives are "on call" 24 hours a day for 1 week out of 4, including an 8–hour active duty shift on their regularly

scheduled workdays.

In opposition to the sheriff's summary judgment motion, the County submitted the affidavits of Kathryn Van Winkle, Deputy Auditor for Chelan County, and James Young, one of the county commissioners. Kathryn Van Winkle's affidavit reflects that it is her responsibility to maintain records of the various county department payrolls, and she sets out the budget and expenditures for salaries and overtime for the sheriff's department for the years 1977–80. With the exception of 1980, the unexpended balances are less than $10,000. She points out that these balances lapse at the end of each year and are not now available for payment of overtime.

Mr. Young attests that he and the other commissioners constitute the negotiating team for the County in collective bargaining with the Deputy Sheriffs' Association. Therefore, he is aware in a general way of the "on–call" practice but does not know the details of the practice or its necessity. He says the county commissioners have not allocated funds to pay for time "on call" because "historically and traditionally . . . [deputies and detectives] have never been paid for such on–call time and . . . there has never been any provision included in collective bargaining agreements for payment for on–call time; . . ."

The position of the County is that, with one exception, RCW 36.40.130 is *absolute* in its imposition of personal liability on county officials who exceed their budgets. The County cites *Association Collectors, Inc. v. King Cy.*, 194 Wash. 25, 76 P.2d 998 (1938), which concerned excess expenditures made by a sheriff to feed and maintain prisoners confined to jail. That case created an exception for those situations where the excess expenditures are indispensably required for the discharge of the county's governmental functions. According to the County, an issue of material fact exists as to whether the sheriff's use of "on–

call" time was indispensably required for effective law enforcement.

The factual issue raised by the County is irrelevant since we find RCW 36.40.130 does not apply here.[1] The affidavits submitted by the County itself show deputies and detectives have never been paid for "on–call" time. The record gives no indication anyone anticipated a lawsuit resulting from this practice. To the contrary, the record indicates the county commissioners were fully aware that "on–call" time was used by the sheriff to supplement his active duty shifts. They never questioned the practice even though they were members of the management unit which negotiated the collective bargaining agreement with the deputies' association. Nor did they choose to honor the sheriff's yearly budget requests for overtime compensation.

■■ It is axiomatic that courts will not interpret statutes so as to reach absurd results. *State v. Burke,* 92 Wn.2d 474, 478, 598 P.2d 395 (1979); *Blondheim v. State,* 84 Wn.2d 874, 879, 529 P.2d 1096 (1975); *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964). Rather, courts seek to foster the purposes for which the statute was enacted. *State v. Coyle,* 95 Wn.2d 1, 5, 621 P.2d 1256 (1980). The obvious purpose of RCW 36.40.130 is to discourage conduct by county officers in disregard of their budgets. That purpose would not be fostered by holding the sheriff personally liable for a result he could not anticipate.

We hold as a matter of law that RCW 36.40.130 does not apply where the undisputed facts establish there was no reasonable basis upon which to anticipate liability for compensation relating to "on–call" time.

---

[1] The prior cases arising under RCW 36.40.130 provided little guidance in deciding this case. The fact patterns in those prior cases did not include what we deem to be the significant fact here; that is, the official here had no reason to anticipate his action was creating liability for the County. *See State ex rel. Ross v. King Cy.,* 191 Wash. 340, 71 P.2d 370 (1937); *State ex rel. Bradford v. King Cy.,* 197 Wash. 393, 85 P.2d 670 (1938); *Kerr v. King Cy.,* 42 Wn.2d 845, 259 P.2d 398 (1953).

The judgment of the Superior Court dismissing the County's third party complaint is affirmed.

GREEN and MUNSON, JJ., concur.