Dennis LeRoy POWERS, Petitioner,

v.

W. L. OWEN, County Judge of Alfalfa County, Oklahoma, Respondent.

No. A–14005.

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1966.

LeRoy Powers, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., Edward L. Moore, Jr., Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

This is an original proceeding in which petitioner, Dennis LeRoy Powers, seeks an order of this Court prohibiting the Honorable W. L. Owen from further proceedings in Alfalfa County Court case #8003, and for a further order directing said respondent to enter an order dismissing said charge against petitioner.

The Information charging said petitioner with the offense of unlawfully shooting a protected game bird, to-wit, one (1) Franklin Gull, was laid under the provisions of 29 O.S. § 301, the same providing:

"(a) It shall be unlawful to hunt for, capture or kill any species of migratory waterfowl such as ducks, geese or brant or other migratory birds except as provided in the *laws of Congress* relating to the killing of such migratory wild fowl; provided, the hunting regulations pertaining to wild duck, wild geese, brant, and all other birds protected by the *laws and other regulations of Congress* shall be the same as fixed annually by the Federal Department in control of migratory wild fowl. [Emphasis added].

(b) Anyone violating any of the provisions of this Section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than Twenty-five Dollars ($25.00), nor more than One Hundred Dollars ($100.00)."

It is the position of Respondent, as stated in his brief, that:

"Section 301(a), Title 29, O.S. provides that it shall be unlawful to hunt for, capture or kill any species of migratory waterfowl, such as ducks, geese or brant or other migratory birds except as provided in the laws of Congress relating to the killing of such migratory wild fowl;

It first must be admitted to the Court that the information filed in this case is defective because it alleges that the defendant shot a protected game bird, to-wit: One (1) Franklin Gull, and a gull is a non-game bird. However, the-

information can be easily amended to correct this defect.

The only contention of the State is that the statute means exactly what it says, that is, it is unlawful to kill ducks, geese or brant or other migratory birds except as Congress shall provide. A gull is a migratory bird, as shown in the treaties between the United States and the United Mexican States. Therefore, it comes clearly within the statute."

We believe the position adopted by the State is untenable, for to support its position we must assume that the legislature, by enacting 29 O.S. § 301, intended to incorporate by reference not only the laws of Congress, but we must also imply that the legislature intended to incorporate by reference treaties entered into between the United States and foreign powers. The fallacy of such reasoning becomes readily apparent from even the most cursory examination of Article 1, Section 1, and Article 2, Section 2, of the Constitution of the United States. Article 1, Section 1, of the Constitution of the United States provides:

"All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

Article 2, Section 2, of the Constitution of the United States, provides, in part:

"He [the President] shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds of the Senators present concur * * *"

It is thus readily apparent that the treaty entered into between the United States of America and the United Mexican States, was not a law of Congress, but rather the act of the President of the United States with the concurrence of at least two thirds of the members of the United States Senate as authorized under the provisions of Article 2, Section 2 of the Constitution of the United States.

■ We are of the opinion and therefore hold, that the legislature of the State of Oklahoma, by enacting 29 O.S. § 301, did not intend to incorporate by reference any of the provisions of a treaty entered into between the United States of America and the United Mexican States.

This is not to say that the legislature in its wisdom may not enact a penal statute prohibiting the shooting of a Franklin Gull; however, such a legislative enactment must meet the constitutional requirement that its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it. See State v. Dabney, 77 Okl.Cr. 331, 141 P.2d 303; Lock v. Falkenstine, Okl. Cr., 380 P.2d 278; Cornelious v. Adkisson, 394 P.2d 651.

■ The general rule relating to legislative enactments is succinctly set forth in the Annotation, 70 L.Ed. 322, where it is stated:

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

■ While ignorance of the law is no excuse, our fundamental concept of due process does not require a citizen to employ counsel to research the statutes of Oklahoma, the laws of Congress, and the treaties of the United States, and construe them together, in order to determine whether he may lawfully engage in sporting activities.

Upon the record before us, and under the authorities above cited;

■ It is the order of this Court that the Honorable W. L. Owen dismiss the proceedings pending against petitioner in the County Court of Alfalfa County, Case No. 8003, for the reason that said Information does not charge any offense under the laws of the State of Oklahoma.

It is the further order of this Court that said Respondent enter an Order va-

cating the Order Fixing Bail in said cause, and further directing that any bail posted under said Order, be returned to the petitioner. The relief prayed for is accordingly granted.

Writ granted, with instructions by order as above set forth.

NIX and BRETT, JJ., concur.