[No. 43779. En Banc. December 11, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID KEITH, ET AL, *Petitioners.*

*Edward G. Holm*, for petitioners.

*Byron E. McClanahan, Prosecuting Attorney*, and *Gary P. Burleson, Deputy*, for respondent.

WRIGHT, J.—The only question at issue in this appeal is whether the "60-day" speedy trial rule in CrR 3.3(c) and the "next-day-after-arrest" preliminary appearance rule in JCrR 2.03(a)(1) are applicable to prison escapees recaptured and returned to custody who, while serving out their original sentence, may also be charged for the separate crime of escape.

The facts pertaining to each appeal are as follows. The five appellants were all incarcerated in the Washington Correction Center at Shelton. Appellants Keith, Worthey and Daniels escaped from the institution the morning of December 29, 1973. Keith was recaptured January 11, 1974, and returned to prison. Worthey was recaptured January 7 and returned. Daniels was arrested in California on a burglary charge and was extradited to Shelton on June 4, 1974. All three appellants were informed against for the crime of escape on March 14, 1974. The arraignment and trial of Keith and Worthey occurred the following day. Daniels' arraignment occurred on July 12, 1974, and trial commenced August 27, 1974. In the case of the two remaining appellants, Sample and Berger, both escaped from prison September 13, 1973. They were recaptured the following day, information was filed October 4 and they were tried December 3, 1973.

All five appellants moved to dismiss their respective trials on the grounds that they were deprived of the right to speedy trials under JCrR 2.03(a)(1) and CrR 3.3(c), which, according to appellants, requires trial within 61 days of recapture. The motions were denied. The Court of Appeals affirmed all five convictions. We affirm the Court of Appeals.

The relevant court rules provide:

> Any person arrested for any offense, including capital cases and other felonies and not released shall be taken without unnecessary delay before a judge. The term "without unnecessary delay" means as soon as practically possible. In any event, delay beyond the close of business of the judicial day next following the day of arrest shall be deemed unnecessary. The court may, for good cause shown and recited in the order, enlarge the time prior to preliminary appearance.

JCrR 2.03 (a) (1).

> A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

CrR 3.3 (b).

> Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

CrR 3.3 (c).

██ None of the above rules, by their own terms, are strictly applicable to prisoner-escapees retaken and restored to their former prison domicile. An escapee, when at large, is not "at liberty" in the legal sense of that term. When an officer apprehends such an escapee, the escapee has not been "arrested" or "seized" as if a person at freedom. By recapture, the officer merely reasserts, on behalf of the State, a custodial right which exists against the escapee. Unlawful physical freedom of movement cannot be equated with "liberty" for purposes of the speedy trial rules. The escapee cannot change his status merely by crossing over the prison wall. Legally, the inmate, whether in the cell or beyond the wall, retains his status as "inmate" until that status has been legally terminated.

In the instant appeals, the escapees, upon recapture, were immediately restored to their former status at the institution. The rule in JCrR 2.03 (a) (1) requiring a preliminary hearing the next day following arrest, and the 60-day rule in CrR 3.3 (c) are inapplicable—there being no "arrest."

The purpose of that rule is to give persons taken from freedom (freedom in the legal sense, not the illusory freedom the escapee feels when he is out of sight of the prison wall) precedence on the criminal docket over persons released on bail or otherwise legally at large. The appellants would not have been free after recapture regardless of their being charged with the crime of escape. They were taken back to their custodial domicile to serve out the remaining period of confinement. In this appeal and similar instances, we hold that escapees, when recaptured and returned to prison to serve out their original period of confinement, are recaptured and not arrested. The recapture does not start the running of any time period which is relevant herein. In the case of Keith, Worthey, Sample and Berger, the first formal step toward trial was the filing of an information which occurred within 90 days before trial. The information against Daniels was filed before he was extradited from California. However, the first formal step taken *after* his recapture was arraignment (July 12, 1974) which, being within 90 days before trial (August 27, 1974), satisfies the speedy trial rule in CrR 3.3(b).

Accordingly, the convictions for the crime of escape are affirmed as to each of the five appellants.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

*Petition for rehearing denied March 11, 1976.*