[No. 44435. En Banc. October 13, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. MIKE DOUGALL, *Petitioner.*

*Walstead, Mertsching, Husemoen, Donaldson & Barlow* and *C. C. Bridgewater, Jr.,* for petitioner.

*Henry R. Dunn, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

*R. Stewart Bock* on behalf of Seattle–King County Defender Association, amicus curiae.

STAFFORD, J.—The trial court denied petitioner's motion to dismiss a criminal action against him for failure to state an offense. We reverse.

On June 4, 1975, an order was published in the Federal Register designating diazepam (Valium) a controlled substance under federal law. The Washington legislature did not designate or reschedule Valium as a controlled substance by amending the Uniform Controlled Substances Act, RCW 69.50, and the Washington State Board of Pharmacy (Board) did not designate or reschedule it as a controlled substance pursuant to the hearing and notice requirements of the Administrative Procedures Act. RCW 34.04. However, the Board designated Valium as a controlled substance pursuant to RCW 69.50.201(d) which reads:

> (d) If any substance is designated, rescheduled, or deleted as a controlled substance under federal law and notice thereof is given to the board, the substance shall be similarly controlled under this chapter after the expiration of thirty days from publication in the Federal Register of a final order designating a substance as a controlled substance or rescheduling or deleting a substance, unless within that thirty day period, the board objects to inclusion, rescheduling, or deletion. In that case, the board shall proceed pursuant to the rule–making procedures of chapter 34.04 RCW.

Thereafter, on April 26, 1976, the state Board notified all prosecuting attorneys that under the laws of this state Valium had been a controlled substance since July 2, 1975. On June 20, 1976, petitioner was charged with possession of a controlled substance, Valium, pursuant to RCW 69.50-.401(c).

Petitioner challenges the constitutionality of RCW 69.50.201(d) which authorizes a substance to be designated or rescheduled as a controlled substance by the mere act of final publication in the Federal Register and acquiescence therein by the Board.

First, petitioner contends RCW 69.50.201(d) violates the due process clause of the fourteenth amendment to the United States Constitution, and article 1, section 3 of the Washington Constitution, because it fails to give notice of the conduct that is proscribed. We agree.

 Procedural due process requires that citizens be given fair notice of conduct forbidden by a penal statute. *State v. Martinez,* 85 Wn.2d 671, 675, 538 P.2d 521 (1975); *Seattle v. Pullman,* 82 Wn.2d 794, 797, 514 P.2d 1059 (1973); *Seattle v. Drew,* 70 Wn.2d 405, 423 P.2d 522, 25 A.L.R.3d 827 (1967). Although impossible standards of specificity are not required, the statutory language must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. *Blondheim v. State,* 84 Wn.2d 874, 878, 529 P.2d 1096 (1975); *Tacoma v. Vance,* 6 Wn. App. 785, 790, 496 P.2d 534 (1972). Thus, the question is whether a person of common intelligence can, with reasonable certainty, determine what substances are designated or rescheduled as controlled substances under RCW 69.50.201(d).[1]

 Where, as here, the Board does not object to the federal act of designating or rescheduling a substance, it becomes controlled after 30 days by reason of the Board's inaction or acquiescence in the final publication in the Federal Register. Once a substance has become controlled, a legislatively prescribed criminal penalty is imposed for its misuse. Consequently, a substance that is newly designated or rescheduled as a controlled substance by publication in the Federal Register becomes the criminal law of this state without appearing in either a state statute or the state administrative code. The only way one can determine the current status of a drug as a possible controlled substance is by reference to the Federal Register, a publication not readily available even to many lawyers.

---

[1]We are not here concerned with the designation, rescheduling or deletion of drugs as controlled substances when accomplished in accord with RCW 69.50.201(a). That section provides for such deletions, reschedulings or designations to be determined by the Board pursuant to the Administrative Procedures Act, RCW 34.04, and published in the Washington Administrative Code. Similarly, we are not concerned with Board action taken in opposition to federal designation, rescheduling, or deletion of substances when done pursuant to RCW 69.50.201(d) and in accordance with RCW 34.04. These fact patterns and issues are not before us.

It is difficult to see how an average citizen could be presumed to know that Valium is a controlled substance under RCW 69.50.201(d) when it was necessary for the Board to notify the prosecuting attorneys of this state of that fact some 10 months after publication in the Federal Register. In oral argument the prosecuting attorney conceded very candidly that he could not assure this court whether common aspirin is currently designated as a controlled substance under the overly inclusive provisions of RCW 69.50.201(d) without an up–to–date search of the Federal Register.

The instant situation is not unlike that in *Powers v. Owen,* 419 P.2d 277, 278 (Okla. Crim. App. 1966), which involved a challenge to a statute prohibiting hunting of migratory birds "except as provided in the *laws of Congress* relating to the killing of such migratory wild fowl . . ." The court said at page 279:

> While ignorance of the law is no excuse, our fundamental concept of due process does not require a citizen to employ counsel to research the statutes of Oklahoma, the laws of Congress, and the treaties of the United States, and construe them together, in order to determine whether he may lawfully engage in sporting activities.

It is unreasonable to expect an average person to continually research the Federal Register to determine what drugs are controlled substances under RCW 69.50. We hold that RCW 69.50.201(d) violates due process of law insofar as it authorizes the designation or rescheduling of drugs as controlled substances by the Board's mere failure to object within 30 days from final publication in the Federal Register.

The same portion of RCW 69.50.201(d) is challenged on the ground that it is an unconstitutional delegation of legislative authority. We agree.

The people of this state have vested the power to legislate in the legislature. Const. art. 2, § 1. While the legislature may enact statutes which adopt *existing* federal rules, regulations, or statutes, legislation which attempts to adopt

or acquiesce in *future* federal rules, regulations, or statutes is an unconstitutional delegation of legislative power and thus void. *State ex rel. Kirschner v. Urquhart,* 50 Wn.2d 131, 137, 310 P.2d 261 (1957); *see also State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 275, 501 P.2d 290 (1972).

*State v. Emery,* 55 Ohio 364, 45 N.E. 319 (1896) was concerned with a situation similar to the one before us. The challenged act involved regulation of the strength and purity of drugs ʾas prescribed by the United States Pharmacopoeia. A conviction for the sale of drugs, legal by the standards promulgated by the United States Pharmacopoeia when the statute was passed but illegal under its later revision, was reversed. It was held unconstitutional for the Ohio legislature to adopt, by acquiescence, future federal rules not then in existence. "To hold that the sale could thus be made unlawful, would be equivalent to holding that the revisers of the book could create and define the offense, a power which belongs to the legislative body, and cannot be delegated." *State v. Emery, supra* at 370.

■ We hold that RCW 69.50.201(d) is an unconstitutional delegation of legislative authority insofar as it permits future federal designation, rescheduling or deletion of controlled substances in the Federal Register to become controlled or deleted substances under the Uniform Controlled Substances Act by means of Board inaction or acquiescence.

The trial court is reversed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.