[No. 45573.   En Banc.   January 4, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM MARVIN JORDAN, *Appellant*.

387

*Michael E. Nelson* and *Durocher, Nelson, Shore & Malling,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Gordon S. Jones* and *Marsha Pechman, Deputies,* for respondent.

STAFFORD, J.—Appellant, William Jordan, was convicted of violating the Legend Drugs Act, RCW 69.41. The constitutional issues raised on appeal were certified to us from the Court of Appeals. We reverse.

On May 8, 1976, the Washington Board of Pharmacy (Board) held a hearing on a proposed rule that would make ephedrine a legend drug under the Legend Drugs Act. Legend drugs cannot be sold, delivered or possessed except by prescription. RCW 69.41.030.

On May 19, 1976, the Board filed with the Code Reviser's Office order No. 128, classifying ephedrine as a legend drug. The order, codified as WAC 360–32–045, became effective on June 18, 1976.

Six days after the rule became effective appellant was arrested at the Seattle–Tacoma Airport as he was shipping one box of ephedrine and receiving another. Appellant cooperated with the police, informing them the box contained ephedrine and giving them permission to search his residence.

Appellant was charged with unlawful possession with intent to deliver a legend drug in violation of the Legend Drugs Act. He waived a jury and stipulated to the foregoing facts. At trial appellant testified that at the time of his arrest he did not know ephedrine had been made a legend drug. The trial court made no finding of fact to the contrary. On March 9, 1977, judgment was entered against appellant from which he appealed.

Appellant contends that failure of the Legend Drugs Act to give fair notice of the conduct it prohibits violates article 1, section 3 of the Washington Constitution and the fourteenth amendment to the United States Constitution. We agree.

The Legend Drugs Act makes unlawful the sale, delivery or possession of a legend drug except upon the order or prescription of a physician, surgeon, dentist, podiatrist, or veterinarian. RCW 69.41.030. Violation of the Act is a felony. RCW 69.41.070. The Act does not list those drugs designated as legend drugs. Rather the definitional section states simply:

> "Legend drugs" means any drugs which are *required by any applicable federal or state law or regulation* to be dispensed on prescription only or are restricted to use by practitioners only.

(Italics ours.) RCW 69.41.010(8). Drugs are defined as: (1) substances recognized as drugs in the official United States or homeopathic pharmacopoeia, or official national formulary; (2) substances intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or animals; (3) substances (other than food) intended to affect the structure or any function of the body of man or animals; and (4) substances intended for use as a component of any article specified under the above clauses. RCW 69.41.010(7). The question before us is whether RCW 69.41.010 provides adequate notice of those drugs the sale, delivery or possession of which triggers the criminal sanctions of the Act.

■ We traditionally have required that citizens be given fair notice of conduct forbidden by penal statutes. *State v. Dougall*, 89 Wn.2d 118, 570 P.2d 135 (1977); *State v. Martinez*, 85 Wn.2d 671, 538 P.2d 521 (1975); *Seattle v. Pullman*, 82 Wn.2d 794, 514 P.2d 1059 (1973). Statutory language must convey a sufficiently definite warning of proscribed conduct when measured by common understanding and practice. *Blondheim v. State*, 84 Wn.2d 874, 529 P.2d 1096 (1975).

In support of his assertion that the statute fails to meet the foregoing standards, appellant emphasizes our recent decision in *State v. Dougall, supra. Dougall* involved a challenge to RCW 69.50.201(d), a section of the Uniform Controlled Substances Act. That section provided any substance designated or rescheduled as a controlled substance under federal law would become a controlled substance under state law upon notice to the Board of Pharmacy after the expiration of 30 days from publication in the Federal Register unless the Board affirmatively objected within the 30 days. Although *Dougall* is not controlling authority in the instant case, the problem is analogous. In *Dougall*, the petitioner asserted the challenged statute violated the due process clause of the federal and state constitutions by failing to give notice of the conduct it proscribed. We agreed, holding that it was unreasonable to expect an average citizen to search the Federal Register continually to determine which substances had been classified as controlled.

■ In order to ensure that conduct does not violate the Legend Drugs Act, one is required to check every *applicable* state and federal statute and regulation. To establish the continued legality of such conduct, it is necessary to repeatedly check the entire Washington Administrative Code. Nowhere does the Legend Drugs Act authorize any particular agency or agencies to classify drugs as legend drugs or refer to any agency given that authority by another statute. Therefore, reference to the statute creating

the crime provides no parameters of the conduct proscribed. The regulation in the instant case referred to neither RCW 69.41.010 nor to the Legend Drugs Act, although it did indicate it was classifying ephedrine as a "legend drug." Additionally, the Legend Drugs Act contains no schedule of drugs initially designated as legend drugs to provide comparative examples through which an interested person might be able to determine whether ephedrine is or was likely to become a legend drug. We note in comparison that the Uniform Controlled Substances Act, RCW 69.50, which contains similar prohibitions and penalties, lists in considerable detail standards and schedules establishing those substances controlled and indicating the considerations to be used in determining new substances to be controlled. *See* RCW 69.50.201–.212. The Uniform Controlled Substances Act also designates the Board of Pharmacy as the authority to add to or delete from the controlled list and to administer the chapter. RCW 69.50.201(a).

We hold the Legend Drugs Act's failure to indicate those agencies with authority to designate legend drugs and resultant failure to give fair notice of the conduct it proscribes, renders the Act unconstitutional to that extent.

The trial court is reversed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.