[No. 3672–3–III.   Division Three.   February 10, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. CURTIS BAKER, *Appellant.*

*William W. Messer,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Michael S. Mitchell, Deputy,* for respondent.

GREEN, J.—Curtis Baker appeals a conviction of second degree possession of contraband.

The sole issue is whether the court erred in failing to suppress the contraband on the ground that it was obtained during a search prohibited by the Fourth Amendment. We answer in the negative.

The pertinent and undisputed facts may be summarized as follows:

Baker is an inmate at the Washington State Penitentiary. While returning from his motor pool job to the minimum security building at mealtime (both of which are located on the grounds of the Washington State Penitentiary), he was patted down and the contraband discovered. The guard who conducted the search, pursuant to the order of a superior, had no reason to be suspicious of Baker on the day of the search. At the time of the search, prison regulations of which Baker was aware provided that any guard may conduct a pat–down search of any prisoner at any time.

We believe the issue is controlled by the test enunciated in *Bell v. Wolfish,* 441 U.S. 520, 560, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979); *i.e.,* assuming solely for the sake of argument that inmates retain some Fourth Amendment rights upon commitment to a corrections facility, the reasonableness of a search must be determined by balancing

the need for the particular search against the invasion of personal rights that the search entails. As noted by the majority in *Bell v. Wolfish, supra,* a detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence. When the foregoing security interests are compared to the minimal intrusion of the instant search into an inmate's privacy, it is clear the search was reasonable. Moreover, an effective prison search for contraband must be based on surprise.

The judgment and sentence are affirmed.

ROE, A.C.J., and MUNSON, J., concur.