[No. 4122–1–III.   Division Three.   April 7, 1981.]

*In the Matter of the Personal Restraint of*
Kip Elaine McCrea, *Petitioner.*

*George A. Critchlow* of *University Legal Assistance,* for petitioner.

*Kenneth O. Eikenberry, Attorney General, John G. Hennen, Assistant, Donald C. Brockett, Prosecuting Attorney,* and *Patricia Thompson, Deputy,* for respondent.

GREEN, J.—Kip Elaine McCrea filed this personal restraint petition to vacate her conviction for obtaining a controlled substance (Darvon) by fraud. The determinative issue is whether the procedure used for declaring Darvon a controlled substance afforded adequate notice of the proscribed conduct under the due process clause. We hold it did not and grant her petition.

Before reaching the merits of this issue, it is necessary to review some of the history relating to procedures for declaring Darvon a controlled substance. Prior to 1977, Darvon became a controlled substance by virtue of RCW 69.50.201(d) of the Uniform Controlled Substances Act.[1] That provision automatically added Darvon to the state controlled substances list 30 days after the federal register designated it as such under federal law. In *State v. Dougall*, 89 Wn.2d 118, 570 P.2d 135 (1977), that provision was declared unconstitutional. As a result, the substances which were added by that provision to the controlled substances list were decontrolled. Following *Dougall,* the Board of Pharmacy[2] adopted Darvon as a controlled substance by emergency rule pursuant to the administrative procedures act, RCW 34.04. This emergency rule became effective upon filing it with the Code Reviser under RCW 34.04.040.[3] Thereafter, the Board readopted Darvon as a controlled

---

[1]RCW 69.50.201(d) stated:

"If any substance is designated, rescheduled, or deleted as a controlled substance under federal law and notice thereof is given to the board, the substance shall be similarly controlled under this chapter after the expiration of thirty days from publication in the Federal Register of a final order designating a substance as a controlled substance or rescheduling or deleting a substance, unless within that thirty day period, the board objects to inclusion, rescheduling, or deletion."

[2]RCW 69.50.201(a) designates the Board of Pharmacy as the agency authorized to add to or delete from the controlled substances list.

[3]RCW 34.04.040 provides:

"(2) Emergency rules adopted under RCW 34.04.030 shall become effective upon filing. All other rules hereafter adopted shall become effective upon the expiration of thirty days after the date of filing, unless a later date is required by statute or specified in the rule."

substance following regular rule–making procedures. This rule was filed with the Code Reviser on December 9, 1977, and became effective January 8, 1978.

Mrs. McCrea was charged with one count of obtaining a controlled substance by fraud. She pleaded guilty on June 22, 1978. Thereafter, the emergency procedure for declaring Darvon a controlled substance was declared unconstitutional. *In re Powell,* 92 Wn.2d 882, 602 P.2d 711 (1979). Mrs. McCrea, relying on *Powell,* filed this personal restraint petition contending she did not receive fair notice that Darvon was a controlled substance and was thus denied constitutional due process.

In support of her petition she submitted the affidavit of Gary Reed, an assistant in the Code Reviser's Office. He stated that prior to January 1, 1978, biweekly bulletins of administrative action were sent to various county law libraries in the state. These bulletins contained a synopsis of the general subject matter of the action, but did not list which particular substances were controlled. The Washington Administrative Code sections listing Darvon as a controlled substance had not been printed or distributed in any bulletin, flyer, or advance sheet of general circulation at the time Mrs. McCrea was charged.

The State Board of Pharmacy filed an amicus curiae brief. It argues RCW 34.04.025(3) precludes Mrs. McCrea from contesting the adequacy of the rule because more than 2 years have transpired since it was adopted.[4] It further argues the regular rule–making procedures used satisfy both the requirements of RCW 34.04 and constitutional due process. According to the affidavit of the executive secretary of the Board, Darvon was added as a controlled sub-

---

[4]Subsection 3 provides:

In any proceeding a rule cannot be contested on the ground of noncompliance with the procedural requirements of RCW 34.08.020(1), of this section, or of RCW 34.04.030, as now or hereafter amended, after two years have elapsed from the effective date of the rule.

RCW 34.08.020(1) sets forth the procedures for publishing notice of proposed rule. RCW 34.04.030 relates to emergency rule making.

stance after a hearing and was filed with the Code Reviser. Copies of the hearing, minutes and regulations were available upon request to the Board. The changes were sent to all pharmacies, statewide institutions of higher learning, the Associated Press and United Press International. Gary Reed, in another affidavit stated that prior to January 1, 1978, the Code Reviser's Office published Bulletin No. 184 which mentioned the changes made in the controlled substances act. This bulletin was sent to the Spokane County Law Library. The Board argues these procedures provided reasonable notice that Darvon was a controlled substance. We disagree.

■ First, Mrs. McCrea's action is not barred by the 2–year limitation contained in RCW 34.04.025(3). That section limits the time for contesting the procedures used in enacting a rule. Mrs. McCrea does not challenge the procedure used here. Rather, she contends the notice given once the rule was adopted was inadequate. The notice requirement is contained in former RCW 34.04.050(2):

> The code reviser shall publish a monthly register in which he shall set forth the text of all rules filed during the preceding month . . .

This monthly register must contain "The full text of any new or amendatory rule adopted, . . . on a permanent or emergency basis;" RCW 34.08.020(2). There is no statutory limitation for challenging the adequacy of the notice once a rule is adopted.[5] Indeed, such a limitation would raise constitutional questions.

■ Second, contrary to the Board's position, Mrs. McCrea did not receive adequate notice that Darvon had become a controlled substance under RCW 34.04. Prior to adoption of the rule, a "Notice of Intention to Adopt, Amend, or Repeal Rules" was filed in the Code Reviser's

---

[5]The cited RCW 34.04.050(2) was amended effective January 1, 1978, shortly before the rule declaring Darvon a controlled substance became effective. However, it only changed its predecessor by replacing the word "bulletin" with the word "register." Although RCW 34.08.020(2) is a new section, it merely reemphasizes the requirement that the "full text" of a rule be printed in the register.

Office and distributed in WAC Bulletin No. 181.[6] The notice mentioned Darvon among other substances. The only notice of adoption appeared in WAC Bulletin No. 184, distributed in December 1977:

PART I AGENCY ORDERS PENDING PUBLICATION IN WAC

. . .

142 12/9/77    Regulating the substances subject to the controlled substances act by adding and rescheduling certain named substances, WAC 360–36–100. Adding as new sections WAC 360–36–110, –120, –130, –140 and –150.

The statutory procedures were not followed here because the agency did not publish the text of the rule in a register or bulletin. Further, the new WAC sections mentioned in the notice had not been distributed at the time Mrs. McCrea was charged.

■■ Neither did Mrs. McCrea receive adequate constitutional notice. Due process requires fair notice of the conduct forbidden by a penal statute. "'[S]tatutory language must convey sufficiently definite warning of proscribed conduct when measured by common understanding and practice.'" *In re Powell, supra* at 888, citing *State v. Jordan,* 91 Wn.2d 386, 389, 588 P.2d 1155 (1979). *See State v. Dougall, supra* at 121. In *Dougall,* the court declared RCW 69.50.201(d) to be unconstitutional because a particular substance became a controlled substance when published in the Federal Register. The court reasoned, at page 122:

It is unreasonable to expect an average person to continually research the Federal Register to determine what drugs are controlled substances under RCW 69.50.

In *Powell,* the court held that inadequate notice was given

---

[6]The notice stated:

"Notice is hereby given in accordance with the provisions of RCW 34.04.025 . . . that the Washington State Board of Pharmacy intends to adopt, amend, or repeal rules concerning controlled substances by *(A)* adding the following substances as controlled substances: . . . *(4) Schedule IV—.* . . . Dextropropoxyphene (Darvon); . . ."

when an emergency rule was adopted. There, the notice which appeared in a monthly bulletin was identical to the notice in this case. The court pointed out that the bulletin did not specify which drugs had been rescheduled. Relying upon *Dougall,* the court stated at page 889:

> We believe that it is even more unreasonable to expect an average person in this state to maintain continuous contact with the office of the Code Reviser in Olympia in order to determine which substances have been designated as controlled. This means of notice is not one by which "a person of common intelligence can, with reasonable certainty, determine what substances are designated or rescheduled as controlled substances . . .", possession of which is a felony. *See Dougall,* at 121.

The Board argues that *Dougall* and *Powell* are distinguishable because here a notice of intent to adopt Darvon as a controlled substance was given; whereas, in those cases, no notice whatsoever was given. We disagree. The notice here was as deficient as those in *Dougall* and *Powell.* The notice of adoption did not even refer to the prior notice of intent. The only way to determine whether possession of Darvon had become a felony was to contact the Code Reviser's Office. That procedure does not provide adequate notice under the controlling decisions.

Therefore, the personal restraint petition is granted and remanded to the trial court for entry of an order vacating Mrs. McCrea's conviction and sentence.

McINTURFF, C.J., and MUNSON, J., concur.