[Nos. 4544-7-III; 5058-1-III.   Division Three.   February 1, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. CHRISTOPHER DEAN BROWN, *Appellant.*

*In the Matter of the Personal Restraint of* CHRISTOPHER DEAN BROWN, *Petitioner.*

*Christopher Dean Brown,* pro se, and *Francis J. Conklin,* for appellant.

*Donald C. Brockett, Prosecuting Attorney, Thomas R. Luciani, Deputy, Kenneth O. Eikenberry, Attorney General, William C. Collins, Senior Assistant,* and *Michael P. Lynch, Assistant,* for respondent.

*Kenneth O. Eikenberry, Attorney General,* and *John G. Hennen, Assistant,* amici curiae.

ROE, C.J.—Christopher Dean Brown appeals his conviction of the unlawful possession of a controlled substance—diazepam. His appeal has been consolidated with his personal restraint petition since it involves the conviction

appealed from.

Brown, a previously convicted felon, was an inmate at the Geiger Pre–Release Facility in Spokane, having been sent there from the Washington State Penitentiary at Walla Walla. On January 20, 1981, following a visit by his wife, he was strip searched and two Valium pills were discovered. Brown contends the pills were planted on him by the guards.[1] Representing himself at his bench trial, he was found guilty of violating RCW 69.50.401(d),[2] the unlawful possession of a controlled substance—diazepam.

First, Brown contends he was denied his right to a speedy trial under CrR 3.3. After the search he was transferred to the Spokane County Jail. An arrest warrant was not served until February 4, 1981. On March 31, 1981, 1 day before his scheduled trial, Brown requested and was granted a continuance. He contends the speedy trial clock commenced running on January 20, 1981, the day he was transferred to the county jail.[3] Assuming arguendo the speedy trial clock began that day, 70 days elapsed from the date of the search to the date of the continuance being granted. When a defendant is incarcerated on other unrelated charges, the 90–day rule of CrR 3.3 applies. *State v. Keith*, 86 Wn.2d 229, 232, 543 P.2d 235 (1975); *State v.*

---

[1]When the officer discovered the pills in defendant's sock, he said, "What have we here? . . . Valium"; defendant responded, "Man, I don't know nothing [*sic*] about it."

[2]RCW 69.50.401(d) provides:
"It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both, except as provided for in subsection (e) of this section."

[3]Brown contends his transfer from a state facility to a county facility constitutes an "arrest" under the rule announced in *State v. Champion*, 28 Wn. App. 281, 622 P.2d 905 (1981); *Clark Cy. Sheriff v. Department of Social & Health Servs.*, 95 Wn.2d 445, 626 P.2d 6 (1981). Due to our disposition of the speedy trial issue, we do not address this issue.

*Champion,* 28 Wn. App. 281, 284 n.4, 622 P.2d 905 (1981); *State v. Christianson,* 17 Wn. App. 264, 562 P.2d 671 (1977). Here, Brown was incarcerated on other unrelated charges and only 70 days elapsed from the date of the search to the date of the continuance being granted; thus, there can be no violation of the speedy trial rule.

Next, Brown contends RCW 69.50.210(c)(7) violates his procedural due process rights because it outlaws the compound diazepam without reference to the name "Valium", which is the trade name and familiar name of diazepam. He contends the common man has no way of knowing that Valium is outlawed.

First, Brown makes no pretense that he did not know Valium is a controlled substance. This would only be reasonable because of his penitentiary experience and his immediate disclaimer of any knowledge of the presence of the pills. He alleges no prejudice personal to him.[4]

■ Procedural due process requires that citizens be given fair notice of conduct forbidden by a penal statute. The statutory language must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. The test is whether a person of common intelligence can, with reasonable certainty, determine what substances are designated or scheduled as controlled substances. *State v. Dougall,* 89 Wn.2d 118, 121, 570 P.2d 135 (1977); *In re McCrea,* 28 Wn. App. 777, 781, 626 P.2d 992 (1981). Impossible standards of specificity are not required. *Blondheim v. State,* 84 Wn.2d 874, 878, 529 P.2d 1096 (1975).

■ A person of common intelligence could discover that

---

[4]We note the recent decision in *State v. Sherman,* 98 Wn.2d 53, 653 P.2d 612 (1982), holding that one who brings a void for vagueness claim must establish standing. This is established by claiming the statute is vague as to one's conduct. Failure to provide adequate notice of conduct proscribed is similar to a vagueness claim. Brown has not claimed that *he* did not know that Valium is a controlled substance and that diazepam is Valium; thus, under *Sherman,* he lacks standing to raise the issue. Both *Sherman* and the instant case were simultaneously on appeal. *Sherman* was decided first and of course would apply here.

Valium is diazepam or that diazepam is Valium by simply referring to the *Physicians' Desk Reference,* a well known dictionary of drugs which is commonly found in reference libraries, doctors' offices and pharmacies. Other publications about drugs readily available for consumers could provide the same information. An examination of the substances listed in the schedules in RCW 69.50 indicates that none of the substances are listed by their common trade names; rather, they are listed by definite chemical names. To demand trade, common or street name listing would require the Legislature to continually update its schedules with any new name in the marketplace. This would require continual monitoring with its notice problems and attendant costs. The law would never catch up with the criminal activity. We hold the Legislature's action in listing only the chemical names of controlled substances satisfies due process.[5]

Our position is supported by *State v. Dougall,* 89 Wn.2d 118, 121, 570 P.2d 135 (1977), which struck down a controlled substances conviction, noting the crime appeared by reference to the Federal Register only and "without [it] appearing in either a state statute or the state administrative code." Here, diazepam appeared in the state statute.

■ In his pro se brief, Brown appears to argue that the State has the burden of proving he did not have a valid prescription for the drug. This contention is contrary to the law. RCW 69.50.401(d) makes the possession of a controlled substance a crime and the State has the burden of proving the defendant possessed the controlled substance. However, under the exception therein, the defendant has the burden

---

[5]The dissent states diazepam is listed in RCW 69.50.210(c)(7) as a controlled substance. Valium is not. Since Valium is diazepam, that statement is substantively incorrect. The dissent suggests that trade names (not street names) provide that sufficiently definite warning which due process requires. There is no evidence of this. Trade names can change from week to week or month to month, if a manufacturer decides to convert from an existing one. No doubt many are more familiar with street names than some advertising agent's concept of a manufacturer's new trade name. Neither is required by the statute.

of coming forward with some evidence that the substance was possessed unwittingly or by means of a valid prescription. RCW 69.50.506; *State v. Cleppe,* 96 Wn.2d 373, 381, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006 (1982); *State v. Sainz,* 23 Wn. App. 532, 539, 596 P.2d 1090 (1979). Brown failed to meet this burden.

Brown further contends that his right against self–incrimination was violated. He argues the pills were obtained by compelled custodial coercion and that he was arrested without being given his *Miranda* warnings and subjected to an impermissible search.

■ At the time of the search, Brown had just completed a visit with his wife where there had been a considerable amount of personal contact. The reasonableness of an inmate search must be determined by balancing the need for the particular search against the invasion of personal rights which the search entails. *State v. Baker,* 28 Wn. App. 423, 623 P.2d 1172 (1981). Under these circumstances, the search of Brown was reasonable. Since Brown was not given his *Miranda* warnings at the time of the search, the trial court suppressed his reply to the guard. This reply was not raised by the prosecution at trial. Because the State did not, nor attempt to, use any custodial statements made by Brown, there was no violation of his right against self–incrimination.

Next Brown contends he was convicted under the wrong statute and should have been charged under RCW 9.94.041, which provides:

> Every person serving a sentence in any penal institution of this state who, without authorization, while in such penal institution or while being conveyed to or from such penal institution, . . . possesses or carries upon his or her person or has under his or her control any narcotic drug . . . is guilty of a class C felony.

Brown contends that the prosecutor's failure to charge him under RCW 9.94.041 constitutes a denial of due process and equal protection.

■ Both RCW 9.94.041 and RCW 69.50.401(d)[6] provide for a maximum imprisonment of not more than 5 years; RCW 69.50.401(d) further provides for a fine of not more than $10,000, or both. Brown was given a deferred sentence and placed on probation for a period of 1 year. He has shown no prejudice. This sentence did not exceed the possible punishment available under RCW 9.94.041. Prosecutorial discretion must necessarily be broad and Brown has failed to prove that the prosecutor's conduct was without reasonable justification and constituted intentional or purposeful systematic discrimination in the enforcement of the law. *State v. Price,* 94 Wn.2d 810, 816–17, 620 P.2d 994 (1980).

Brown also contends he was denied effective assistance of counsel and his right to counsel. He argues he unintelligently, under mental duress, chose to represent himself. The record shows Brown was displeased with his court–appointed attorney whom he claims "acted arbitrary in my interests". He repeatedly asked for the dismissal of his court–appointed attorney and for permission to represent himself which was eventually granted. His court–appointed attorney, however, was ordered to serve in an advisory capacity.

■ A criminal defendant has a right to represent himself provided he is mentally competent. *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 569, 95 S. Ct. 2525 (1975). Brown was thoroughly questioned as to his capacity to represent himself. He stated he had an associate of arts degree in sociology and had been before the court on charges two other times. When a defendant competently elects to exercise his constitutional right to be his own counsel, he is bound by that choice. He is not permitted to gamble on that course and, when he loses, claim error. The record is clear that Brown voluntarily elected to represent himself and was mentally competent to do so. His claim that his election denied him the effective assistance of

---

[6]See footnote 2.

850

counsel and his right to counsel is without merit.

Finally, Brown contends he failed to receive a fair trial. Our review of the entire record leads us to the conclusion that Brown did in fact receive a fair trial.

The judgment of the Superior Court is affirmed and the personal restraint petition is denied.

GREEN, J., concurs.

McINTURFF, J. (dissenting)—Christopher Brown was convicted of possessing two Valium tablets. These tablets contained diazepam—a controlled substance. Diazepam is listed in RCW 69.50.210(c)(7) as a controlled substance. Valium is not. He contends the designation of diazepam and not Valium in the controlled substances act fails to satisfy the procedural due process requirements secured by the Fourteenth Amendment. I agree and must dissent.

A basic principle of due process is that a criminal statute is void for vagueness if its prohibitions are not clearly defined. *Grayned v. Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294 (1972). Procedural due process requires that citizens be given fair notice of conduct forbidden by a penal statute. *State v. Dougall,* 89 Wn.2d 118, 121, 570 P.2d 135 (1977); *State v. Martinez,* 85 Wn.2d 671, 675, 538 P.2d 521 (1975).

The basis of due process is that all are entitled to be informed of what the State commands or forbids. *Bellevue v. Miller,* 85 Wn.2d 539, 543, 536 P.2d 603 (1975). The essential element of due process is fair warning. *Grant Cy. v. Bohne,* 89 Wn.2d 953, 955, 577 P.2d 138 (1978). Common intelligence is the test of what is fair warning. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 273, 501 P.2d 290 (1972).

The statutory language must convey a sufficiently definite warning of proscribed conduct when measured by common understanding and practice. *State v. Jordan,* 91 Wn.2d 386, 389, 588 P.2d 1155 (1979). The test is whether a person of common intelligence can, with reasonable cer-

tainty, determine what substances are designated or scheduled as controlled substances. *State v. Dougall, supra* at 121; *In re McCrea,* 28 Wn. App. 777, 781, 626 P.2d 992 (1981).

A law that fails to provide fair warning is void for vagueness. *Seattle v. Drew,* 70 Wn.2d 405, 408, 423 P.2d 522, 25 A.L.R.3d 827 (1967). A conviction under an unconstitutionally vague statute is invalid.[7] *State v. Zuanich,* 92 Wn.2d 61, 63, 593 P.2d 1314 (1979); *State v. Martinez, supra* at 680.

The Legislature has decided that certain drugs shall be deemed controlled substances and that possession of those drugs, without a prescription, shall expose one to felony charges. Its decision to list these drugs only by their chemical names renders the schedules incomprehensible to anyone untrained in either medicine or pharmacology. For example, the controlled substances act lists, among others, oxycodone, chlordiazepoxide, diazepam, and secobarbital sodium. This list does not provide a person of common intelligence fair notice or warning of what drugs are designated as controlled substances. However, if the same list

---

[7]Mr. Brown challenged the constitutionality of the controlled substances act in an April 1, 1981, pretrial motion. He alleged the ordinary person of common understanding is not served with notice of what conduct is proscribed by the statute. Under the controlling case law at that time, that allegation was sufficient to establish standing. *State v. Zuanich,* 92 Wn.2d 61, 63, 593 P.2d 1314 (1979). Under *Zuanich,* a defendant has standing to challenge a statute as vague regardless of his personal conduct. *See Coates v. Cincinnati,* 402 U.S. 611, 29 L. Ed. 2d 214, 91 S. Ct. 1686 (1971); *Void—for—Vagueness—Judicial Response to Allegedly Vague Statutes—State v. Zuanich, 92 Wn.2d 61, 593 P.2d 1314 (1979),* 56 Wash. L. Rev. 131 (1980). The *Zuanich* rule was in effect during Mr. Brown's trial, the filing of his notice of appeal, and his appellate argument before this court on September 13, 1982.

On November 10, 1982, our Supreme Court changed the standing rules in *State v. Sherman,* 98 Wn.2d 53, 653 P.2d 612 (1982). Under *Sherman,* a defendant seeking to challenge a statute as void for vagueness must claim the statute is vague as to his own conduct. Relying on *Sherman,* the majority states Mr. Brown lacks standing. I do not agree. The issues raised by Mr. Brown should be evaluated by the rules in effect at the time of his trial. To retroactively apply *Sherman* would only penalize Mr. Brown because of the length of the appellate process.

included Percodan, Librium, Valium and Seconal,[8] fair notice would have been given in terms understandable by the average person.

Technical statutory language satisfies due process only when the words or phrases are understandable by those expected to use and apply the language. *State v. Reader's Digest Ass'n, supra* at 274. Chemical base compound names are not understood by the average person. Administrative convenience is not a proper substitute for fair warning. Trade names (not street names) provide that sufficiently definite warning which due process requires.

I recognize the only legal way one may come to possess a controlled substance is through a valid prescription. However, I also recognize that a number of citizens will unwittingly offer their legally obtained prescription drugs to a family member or a close friend who is suffering from similar symptoms. Because intent is not an element of the unlawful possession of a controlled substance, this conduct exposes the innocent recipient to felony charges. *State v. Cleppe,* 96 Wn.2d 373, 378, 635 P.2d 435 (1981).

The point of my analysis is that a citizen who possesses a Valium tablet should be able to go to the laws of this state, whether the Revised Code of Washington or the Washington Administrative Code, and find whether Valium is a controlled substance. Under the present statutory scheme, even consulting a lawyer would be fruitless because determining whether Valium is a controlled substance cannot be accomplished by going to the written laws of our state or the regulations thereunder. A citizen would need to inquire of his family doctor or pharmacist, not a lawyer, to determine that Valium contains diazepam.

In *State v. Dougall, supra,* the Supreme Court concluded it is unreasonable to expect an average person to continu-

---

[8]Percodan is manufactured by Endo, Inc., and contains oxycodone hydrochloride. Librium is manufactured by Roche Products, Inc., and contains chlordiazepoxide. Valium is manufactured by Roche Products, Inc., and contains diazepam. Seconal is manufactured by Eli Lilly & Co. and contains secobarbital sodium. *Physicians' Desk Reference* (36th ed. 1982).

ally research the Federal Register to determine what drugs are controlled substances. Likewise, it is unreasonable to expect the average person to consult a doctor, pharmacist, or nonlegal reference material to determine what trade names are controlled substances.

Because Mr. Brown was convicted of violating a constitutionally defective statute, I would reverse his conviction and dismiss the charges against him.

Reconsideration denied February 25, 1983.

Review denied by Supreme Court April 18, 1983.