[No. 17369-3-I.   Division One.   October 13, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCISCO G. LIRA, *Appellant.*

*David Davison,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Daniel L. Kinerk, Deputy,* for respondent.

PER CURIAM.—Francisco G. Lira appeals from the judgment and sentence entered following his conviction in juvenile court for the crime of burglary in the second degree. We affirm.

## FACTS

The facts in this case are not in dispute. Lira was charged with one count of burglary in the second degree and two counts of taking a motor vehicle without permission for unlawfully entering a fenced storage area adjoining a motorcycle shop in King County and stealing two motorcycles. Lira moved for dismissal of the burglary charge on the basis that the burglary statute, RCW 9A.52.030, was unconstitutionally vague. The trial court denied the motion. Lira pleaded guilty to two counts of taking a motor vehicle without permission and, based upon stipulated facts, was found guilty of burglary in the second degree. Lira appeals, raising one issue.

## ISSUE

Whether the word "building", as found in RCW 9A-.52.030, sufficiently defines the conduct sought to be proscribed as criminal under the second degree burglary statute.

## DECISION

Lira contends the trial court erred in not dismissing the burglary charge because the burglary statute is unconstitutionally vague. Lira was charged with committing the crime

of burglary in the second degree. RCW 9A.52.030(1) provides:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle.

The term "building" is not defined in the same section or chapter as that specifying the elements of burglary in the second degree, but in RCW 9A.04.110(5), which states:

> "Building", in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building . . .

Lira claims that the plain and ordinary meaning of the word "building" does not include a fenced area. Thus, he argues, the ordinary person reading the second degree burglary statute would not suspect that someone could commit the crime of burglary in the second degree by breaking into a fenced area. We disagree.

In *State v. Maciolek,* 101 Wn.2d 259, 263, 676 P.2d 996 (1984), the Supreme Court set forth the following general rules of statutory construction:

> A statute is presumed constitutional and the party challenging the constitutionality of a legislative enactment has the burden of proving it is unconstitutionally vague. *State v. Rhodes,* 92 Wn.2d 755, 600 P.2d 1264 (1979); *Seattle v. Drew,* 70 Wn.2d 405, 423 P.2d 522, 25 A.L.R.3d 827 (1967). A statute or ordinance should not be declared unconstitutional unless it appears unconstitutional beyond a reasonable doubt.

If a statute fails to give sufficient warning of the conduct to be regulated, the enactment is subject to challenge for vagueness. *State v. Malone,* 9 Wn. App. 122, 125, 511 P.2d 67 (1973). The procedural safeguards necessary to ensure the adequacy of the notice depends upon the nature of the proceeding. *Olympic Forest Prods., Inc. v. Chaussee Corp.,*

82 Wn.2d 418, 423, 511 P.2d 1002 (1973). "In a criminal proceeding due process requires only that an accused be notified of the charge against which to defend at trial." *Burlingame v. Consolidated Mines & Smelting Co.,* 106 Wn.2d 328, 335, 722 P.2d 67 (1986). The criminal statute must "give fair warning of the nature of the conduct declared to constitute an offense". RCW 9A.04.020(1)(C); *State v. Ermert,* 94 Wn.2d 839, 848, 621 P.2d 121 (1980).

> "'Common intelligence' is the test of what is fair warning. Thus, if men of ordinary intelligence can understand a penal statute, notwithstanding some possible areas of disagreement, it is not wanting in certainty." (Citations omitted.) *Spokane v. Vaux,* 83 Wn.2d 126, 129, 516 P.2d 209 (1973).

*State v. Maciolek, supra* at 265.

Courts do not interpret sections of the statute in a vacuum, but "look to the statutory setting of the challenged provision to determine whether the provision is so vague as to deny due process." *State v. Foster,* 91 Wn.2d 466, 474, 589 P.2d 789 (1979). A word in a statute will be given its ordinary meaning unless it is defined in the statute. *State v. Roadhs,* 71 Wn.2d 705, 708, 430 P.2d 586 (1967). RCW 9A.52.030 incorporates the definition of "building" found in RCW 9A.04.110(5).

Lira argues that the definition of building found in RCW 9A.04.110(5) cannot be used in determining whether the second degree burglary statute provides adequate notice of the prohibited conduct. He relies upon the following language in *State v. Shipp,* 93 Wn.2d 510, 515–16, 610 P.2d 1322 (1980), to support this argument.

> This interpretation of the statute, as redefining knowledge, is also unconstitutional. Statutes which define crimes must be strictly construed according to the plain meaning of their words to assure that citizens have adequate notice of the terms of the law, as required by due process. "Men of common intelligence cannot be required to guess at the meaning of the enactment." *Winters v. New York,* 333 U.S. 507, 515, 92 L. Ed. 840, 68 S. Ct. 665 (1947); *Seattle v. Pullman,* 82 Wn.2d 794, 797, 514 P.2d

1059 (1973). The word "knowledge" has an ordinary and accepted meaning. A statutory redefinition of knowledge to mean negligent ignorance would completely contradict the accepted meaning. This redefinition does not appear in the same section or even in the same chapter as any of the sections which specify the elements of the crimes. The ordinary person reading one of the criminal statutes would surely be misled if the statute defining knowledge were interpreted to effect such a drastic change in meaning.

██ ██ We find, however, that *State v. Shipp, supra,* is clearly distinguishable. Words used in a statute are sufficiently defined if a person of common intelligence and understanding can reasonably be expected to discover their meaning. *State v. Brown,* 33 Wn. App. 843, 846–47, 658 P.2d 44, *review denied,* 99 Wn.2d 1012 (1983). "Impossible standards of specificity are not required." *State v. Brown, supra* at 846. Unlike the criminal defendant in *Shipp,* Lira had notice of facts sufficient to excite attention and prompt a person of average intelligence and understanding to inquire into whether the term "building" has a different meaning in the criminal code. Here, the statute setting forth the elements of burglary in the second degree states that a person is guilty of the offense if he "enters or remains unlawfully in a building other than a vehicle." Since the ordinary and common meaning of "building" would not include a vehicle, Lira was given fair notice that in the context of the burglary statute the term might be broadly and uniquely defined.[1] *See State v. Tyson,* 33 Wn. App. 859, 862–63, 658 P.2d 55 (1983). Given these circumstances, Lira could readily discover the meaning of "building" intended by the Legislature.

The redefinition of "building" in RCW 9A.04.110(5) appears in the definition section included in the preliminary article of the criminal code. Unlike the situation in *Shipp,* in which knowledge was redefined in the chapter

---

[1]The term "building" is defined the same throughout the criminal code unless a different meaning is plainly required. RCW 9A.04.110.

concerning the principles of liability, RCW 9A.08, the placement of the redefinition of "building" at the beginning of the criminal code did not render the burglary statute unconstitutionally vague. In enacting the criminal code, the Legislature followed the general rule that, as to "new legislation, definitions usually are necessary and should be placed at the beginning of the statute." 1A N. Singer, *Statutory Construction* § 20.09 (4th ed. 1985).

> Definitions are integral to the statutory scheme and of the highest value in determining legislative intent. To ignore a definition section is to refuse to give legal effect to a part of the statutory law of the state.

(Citations omitted.) *State v. Taylor,* 30 Wn. App. 89, 95, 632 P.2d 892 (1981). We hold that the term "building" as used in RCW 9A.52.030 is not unconstitutionally vague. An ordinary person reading the second degree burglary statute would not be misled and would receive fair warning of the nature of the prohibited conduct. *See, e.g., State v. Couch,* 44 Wn. App. 26, 720 P.2d 1387 (1986).

Affirmed.

Review denied by Supreme Court March 3, 1987.